IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OMNISURE GROUP, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:13-mc-30-D (BF) |
| | § | |
| AUTOMOBILE CONSUMER SERVICE | § | |
| CORPORATION and VEHICULAR | § | |
| SERVICE INSURANCE COMPANY, | § | |
| RISK RETENTION GROUP, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ORDER**

Enterprise Financial Group, Inc. ("EFG") has filed a motion to quash a Rule 45 subpoena duces tecum issued by this Court at the request of Automobile Consumer Service Corporation ("ACSC"), a defendant and counter-plaintiff in a lawsuit pending in a federal court in Illinois. The subpoena requires EFG, a non-party to the Illinois litigation, to produce:

>    1. [A]ll documentation relating to correspondence between you and any ACSC resellers, payment processors, financing companies and/or fulfillment companies which has or does business with ACSC, including but (not limited to) the [17] ACSC resellers defined above; Lakeshore Premium Financing, LLC d/b/a Service Protection Advisors; Omnisure Group, LLC; Paylink Payment Plans, LLC aka Warranty Finance, LLC; and Mepco Finance Corporation aka Mepco Insurance Premium Financing, Inc. dating from January 1, 2011 to the present;
>
>    2. [A]ll contracts existing between you and any ACSC resellers, payment processors, financing companies and/or fulfillment companies which has or does business with ACSC, including but (not limited to) the [17] ACSC resellers defined above; Lakeshore Premium Financing, LLC d/b/a Service Protection Advisors; Omnisure Group, LLC; Paylink Payment Plans,

>    LLC aka Warranty Finance, LLC; and Mepco Finance Corporation aka Mepco Insurance Premium Financing, Inc.; and
>
> 3.   [A]ll documentation which identifies the date of the first transaction that took place with any of the parties responsive to Request No. 2 under each contract.

EFG Mot., Exh. C at 6.

EFG refuses to produce any documents and seeks to quash the subponea on grounds that it is procedurally defective because it was issued by the Northern District of Texas, but requires production in Grand Rapids, Michigan.[1]  *See id.* at 9 & Exh. C at 1.  EFG also objects that the subpoena is overly broad and unduly burdensome and seeks confidential and proprietary business information.  *See id*. at 10-15.  ACSC disputes any procedural defect in the subpoena and contends that the subpoena seeks only relevant information calculated to lead to the discovery of admissible evidence.  ACSC Resp. at 4-11.  ACSC further argues that EFG's confidentiality concerns are unwarranted because the Illinois federal court has entered a protective order that would permit EFG to redact proprietary information.  *Id.* at 11-12.  The issues have been fully briefed, and the motion is ripe for determination.

EFG initially argues that the subpoena must be quashed because it fails to conform to the procedural requirements of Fed. R. Civ. P. 45(a)(2)(C).  *Id.* at 9-10.  Under Rule 45(a)(2)(C), a subpoena for production or inspection, if separate from a subpoena commanding a person's attendance -- like the challenged subpoena in this case -- must issue "from the court for the district where the production or inspection is to be made."  FED.R.CIV.P. 45(a)(2)(C).  Here, the challenged

---

[1] Although EFG's motion states in one place that the subpoena is defective because it was issued through the Northern District of Florida, EFG later corrects itself and identifies the subpoena as having been issued by this Court.  *Compare* EFG Mot. at 8 *and id.* at 9.

subpoena was issued by the Northern District of Texas and requires that requested documents be delivered to the office of ACSC's counsel in Grand Rapids, Michigan. Grand Rapids is in the Western District of Michigan. 28 U.S.C. § 102(b). Thus, EFG argues, the subpoena is facially defective because it calls for production to be made in a district other than the district that issued the subpoena. EFG Mot. at 9.

ACSC responds that Rule 45(a)(2)(C)'s reference to "the district where the production or inspection is to be made" refers to the district in which the requested documents are *located*, not to where they are to be *delivered*. ACSC Resp. at 7. According to ACSC, the subpoena is proper because it was issued by the Northern District of Texas, which is the district where the documents are located as EFG's principal place of business is located in this district. ACSC contends that any different construction of Rule 45(a)(2)(C) would lead to the "absurd result" that a subpoena would have to be issued from the district where documents were to be delivered without regard to whether the issuing district had personal jurisdiction over the subpoena recipient. *Id.* at 6.

Contrary to ACSC's contentions, courts have interpreted Rule 45(a)(2)(C)'s "production" requirement as referring to the delivery of documents, not their retrieval. *Hay Grp., Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 412-13 (3d Cir. 2004) ("'[T]he district in which the production ... is to be made' is not the district in which the documents are housed but the district in which the subpoenaed party is required to turn them over."); *Orthoflex, Inc. v. Thermotek, Inc.*, No. 12-MC-00013-PHX-JAT, 2012 WL 1038801, at *2 (D. Ariz. Mar. 28, 2012) (same) (citing cases). Here, the designated place for the production of documents is not within the Northern District of Texas. Thus, the subpoena is facially invalid and must be quashed. *See Welch v. Eli Lilly & Co.*, No. 1:10-CV-1705-LJM-TAB & 1:11-CV-0891-LJM-TAB, 2013 WL 209514, at *1 (S.D. Ind. Jan.

16, 2013) (subpoena was facially invalid because it issued from the Southern District of Indiana and commanded production in the District of Columbia); *Schreiber Foods, Inc. v. Indirect Purchaser Plaintiffs*, No. 12-MC-50, 2012 WL 3301027, at *2 (E.D. Wis. Aug. 13, 2012) (rejecting arguments nearly identical to those made by ACSC and quashing subpoena issued by Eastern District of Wisconsin that designated production of requested documents to be made at office of requesting party's counsel in Winston-Salem, North Carolina).

The Court declines to address the other arguments raised by EFG in its motion to quash because it is apparent that the attorneys have not adequately conferred on the scope of ACSC's document requests or whether EFG's confidentiality concerns can be addressed by the existing protective order. *See Dondi Properties Corp. v. Commerce Savings & Loan Ass'n*, 121 F.R.D. 284, 289-90 (N.D. Tex. 1988) (requiring counsel to hold *meaningful discussions* in an attempt to resolve discovery disputes without court intervention). ACSC represents that a compromise may have been reached if counsel for EFG had consulted its attorneys about the possibility of accommodating EFG's concerns prior to filing the motion to quash. ACSC Resp. at 10, 12.

Accordingly, EFG's Motion to Quash Subpoena Duces Tecum (Doc. 1) is GRANTED. The subpoena is quashed without prejudice. ACSC may issue a new subpoena providing for production in the proper district. The Court further admonishes counsel to reread the *Dondi* opinion and abide by its precepts in the future. Failure to do so may result in the imposition of sanctions by the Court.

SO ORDERED, May 3, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE